

**ORDERED in the Southern District of Florida on January 28, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:   CASE NO. 12-25260-BKC-AJC

Chapter 7

**FARIBA SHAHEGH**
SSN: XXX-XX-5238.

         Debtor.
_____/

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION OF CERTAIN SCHEDULED PROPERTY

**THIS CAUSE** came before the Court on December 11, 2012, at 10:30 a.m. upon the Trustee's Objection to Debtor's Amended Scheduled Valuation and Claimed Exemption of Scheduled Property (the "Objection"). At the hearing, the Trustee argued that the Debtor's Mercedes Benz was not exempt as tenancy by the entireties property by virtue of one spouse's transfer to both, because the vehicle was initially purchased by one only spouse. The Debtor argues that, by

transferring title into both the Debtor and Debtor's spouse's names after the initial purchase, the unity of time exists so as to consider the Mercedes to be property held as tenancy by the entireties.

The Court requested post-hearing submissions from the parties and specifically requested the Debtor provide authority to support her position. The Court has reviewed both parties' submissions and concludes the Trustee's position is accurate and sound under the circumstances. The Debtor has failed to persuade the Court that the law otherwise favors the Debtor. Accordingly, the Court sustains the Trustee's objection to the Debtor's claim of exemption of the subject Mercedes Benz.

## UNDISPUTED FACTS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This case was commenced on June 22, 2012 (the "Petition Date") with the filing of a voluntary petition by the Debtor, Fariba Shahegh [ECF No. 1]. Joel L. Tabas was duly appointed as Chapter 7 Trustee.

3. On September 14, 2012, the Debtor filed Amended Schedules, including the Amended Summary of Schedules, Amended Schedule "B", and Amended Schedule "C" [ECF No. 23]. The Debtor's Amended Schedule "B" lists a 2002 Mercedes, "jointly titled with husband/non-filing spouse claims TBE interest in car", with a scheduled value of $6,637.00 (the "Mercedes"). The Debtor's Amended Schedule "C" claims the Mercedes as exempt as tenancy by the entireties, pursuant to 11 U.S.C. § 522(b)(3)(B).

4. The Mercedes' vehicle record from the Virginia DMV establishes that the Mercedes was purchased on May 15, 2008, solely in the Debtor's name.

5. The Certificate of Title for the Mercedes was re-issued in the State of Florida on May 10, 2011, in the names of the Debtor "and" the Debtor's non-debtor spouse, Nader Mameghani (the "Spouse"), adding the Spouse's name on title for the Mercedes approximately three (3) years after

the Debtor purchased the Mercedes.

## ANALYSIS

*Beal Bank, SSB v. Almand & Associates*, 780 So. 2d 45, 52 (Fla. 2001) outlines the six (6) characteristics of property that can be held as tenancy by the entireties in Florida: "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)." The court in *Beal Bank* stated that "…for both joint tenancies and tenancies by the entireties, the owners' interests in the property must be identical, the interests must have originated in the identical conveyance, and the interests must have commenced simultaneously." *Id. at 53.*

A recent decision in the Southern District of Florida, *In re Aranda*, 08-26059-BKC-PGH, 2011 WL 87237 (Bankr. S.D. Fla. Jan. 10, 2011), demonstrates that the posture in which property is initially held is crucial for the designation of unity of time. In *Aranda,* the debtor claimed his bank account as exempt pursuant to tenancy by the entireties. The bank account in that case was initially opened and owned solely by the debtor; the debtor's spouse was later added to the account. Based on the foregoing, the court held their interest in the account did not arise at the same time. "Should one of these unities never have existed or be destroyed, there is no entireties estate." *Id. at *2* (quoting *US v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Ave., Miami Fla.*, 894 F.2d 1511, 1514 (11th Cir.1990)). Judge Hyman ruled that because the unity of time never existed, the account could not be considered tenancy by the entireties property.

Like in *Aranda*, in the instant case the Mercedes was initially purchased and titled solely in the name of the Debtor, and the Spouse was added to the Mercedes' title three (3) years later.

Because the unity of time never existed, the Mercedes cannot be considered tenancy by the entireties property.

The Debtor argues she met the six unities of TBE ownership "in Florida" when she and her husband presented themselves to the Florida Division of Motor Vehicles ("Florida DMV") with their Virginia vehicle title and other required documents. The Debtor asserts that by complying with Fla.Stat. §319.22 (2)(a), she and her husband demonstrated their intent to take ownership in the Mercedes as tenants by the entireties. The Debtor contends she and her spouse have unity of possession as they were in joint possession and control of the 2002 Mercedes Benz vehicle at the time of titling in Florida; they have unity of interest as husband and wife, and they were married at the time they applied for the Florida title on the Mercedes; they have unity of title which originated in the original Florida title issued when the Debtor and her spouse moved to Florida; and, they have unity of time based upon the husband and wife applying for the new title at the same time in Florida.

The Debtor relies on Fla.Stat. §689.11 to support her position. In Fla.Stat. §689.11, one spouse may create a TBE interest in real property by deeding the property into the names of both spouses. The Debtor believes that Fla.Stat. §319.22 (2)(a), by not limiting its application to only cars that are purchased and titled in Florida, likewise allows one spouse to create a TBE interest in a motor vehicle under Florida law when it is being re-titled under the laws of Florida.

The Court recognizes the change in law with respect to creating TBE interests in real property; however, the Court finds no such change has been made with respect to personal property, including vehicles and bank accounts. Thus, even though the Mercedes was re-titled in the State of Florida in the names of the Debtor "and" the Spouse on May 10, 2011, that does not change the fact that the Mercedes was purchased on May 15, 2008, solely in the Debtor's name and was simply transferred to both Debtor and Spouse. It therefore remains true that the Debtor's and the Spouse's

interests in the vehicle (a) did not originate in the identical conveyance and (b) did not commence simultaneously.

Although this is the existing state of the law on TBE property, the Court questions whether it should be. The concept of tenancy by the entireties comes to us from ancient times, and times have changed. Should the concept of TBE ownership in personal property be changed and modified? Section 689.11, Fla.Stat., suggests that changes may also be warranted when it comes to TBE interests in personalty. After all, if the Debtor had traded the Mercedes for another one on May 10, 2011, clearly the TBE criteria would have been met. This hypothetical situation suggests a problem, without providing a 21st century solution for the situation. The Court sees logic in the Debtor's argument, but courts may only apply the law, not rewrite it. It is therefore

**ORDERED AND ADJUDGED** that the Objection to the claimed exemption of the Mercedes Benz is SUSTAINED, to the extent that the Mercedes does not qualify as tenancy by the entireties property, and is therefore not exempt pursuant to 11 U.S.C. §522(b)(3)(B) or Florida law.

###

Submitted by:

Nicole Shacket, Esq.
Tabas, Freedman, et al.
14 N.E. First Avenue, Penthouse
Miami, FL 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
nshacket@tabasfreedman.com

Copy furnished to:

Nicole Shacket, Esq., who shall serve copies of this Order on all interested parties and file a certificate of service.